UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA H.[1]     PLAINTIFF

V.     CIVIL ACTION NO. 3:23-CV-565-KHJ-ASH

COMMISSIONER OF SOCIAL SECURITY     DEFENDANT

ORDER

Before the Court is Magistrate Judge Andrew S. Harris' [17] Report and Recommendation. The [17] Report recommends remanding this action to the Social Security Administration ("SSA") under sentence-four of 42 U.S.C. § 405(g) for further proceedings. The Court adopts the [17] Report in its entirety and remands this case to the SSA in accordance with the [17] Report.

Plaintiff Angela H. filed for disability benefits in 2021. [17] at 1. The SSA denied her application both initially and upon reconsideration. *Id.* Angela H. was then granted a hearing before an administrative law judge ("ALJ"). *Id.* In April 2023, the ALJ determined Angela H. was not disabled. *Id.* Review of that decision was denied, so Angela H. appealed to this Court. *Id.*

On appeal, Angela H. challenges the ALJ's finding on multiple grounds, but the Magistrate Judge found the first issue to be dispositive—whether the ALJ "erred in . . . failing to conclude that [Angela H.'s] past jobs were composite jobs." *Id.* at 3. "Whether [Angela H.'s] past jobs . . . were composite jobs was front and center

---

[1] To promote plaintiffs' privacy in Social Security cases, the Court identifies the Plaintiff only by first name and last initial.

in the administrative hearing." *Id.* at 4. But "the ALJ's opinion never addressed the issue." *Id.* at 6. Even so, the ALJ found Angela H. "remained capable of performing" her current job. *Id.* at 7. This conclusion "is permissible only if the ALJ decided the past jobs were not composite jobs." *Id.* (emphasis omitted).

Skipping this determination was not a harmless error. *Id.* at 7–8. Therefore, the Magistrate Judge found it necessary to remand the case in order for the ALJ to address the issue. *Id.* at 8.[2] This Court agrees.

When parties fail to object to a magistrate judge's report within 14 days, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court applies "the clearly erroneous, abuse of discretion, and contrary to law standard of review." *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam) (cleaned up). The Court need not "reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (per curiam).

No party has objected to the [17] Report, and the time to do so has now passed. *See* § 636(b)(1). Finding the [17] Report neither clearly erroneous nor contrary to law, the Court ADOPTS the [17] Report as its opinion and REMANDS this action to the SSA for further proceedings in accordance with the [17] Report. In

---

[2] "If a claimant's past job has significant elements of two or more occupations and, as such, has no counterpart in the [Dictionary of Occupational Titles (DOT)], it is considered a composite job." [17] at 4 (cleaned up). And it "takes multiple DOT occupations to locate the main duties of the past relevant work described by the claimant." *Id.* (cleaned up). So the Magistrate Judge recommends remand for the "ALJ to address whether the job duties [Angela H.] performed that fall outside the food sales clerk DOT listing were significant elements or among the main duties of that work." *Id.* at 8 (cleaned up).

doing so, the Court has considered all arguments raised. Those arguments not addressed would not have altered the Court's decision.

The Court remands this case under sentence four of 42 U.S.C. § 405(g). "Under [Section] 405(g), each final decision of the [SSA] is reviewable by a separate piece of litigation, and a sentence-four remand order terminates the civil action seeking judicial review of the [SSA's] final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (cleaned up). A sentence-four remand order must "accompany a final judgment affirming, modifying, or reversing the administrative decision." *Melkonyan v. Sullivan*, 501 U.S. 89, 101 (1991); *see also Shalala*, 509 U.S. at 303. Thus, the Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 8th day of January, 2025.

                                               s/ *Kristi H. Johnson*
                                               UNITED STATES DISTRICT JUDGE